IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARVELLOUS EGHAGHE,<br>                               Defendant. | INDICTMENT<br><br>CRIMINAL NO. 2020-43<br><br>VIOLATIONS:<br>Title 18, United States Code,<br>Section 1343<br>Title 18, United States Code,<br>Section 1956(h) |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

At all times relevant to this Indictment:

1. MARVELLOUS EGHAGHE ("EGHAGHE") was a director of Iriavel International, Inc. ("Iriavel"), a company organized under the laws of the State of Texas. EGHAGHE was also a signatory on Iriavel's bank account ("the Iriavel account").

2. Iriavel had no regular legitimate line of business, employees, or customers.

3. M.R. was a real estate closing attorney doing business in St. Thomas, VI.

4. W.K. was a client of M.R who was using M.R.'s services for the purpose of completing the legal sale of W.K.'s home.

5. DT&F was a law firm representing the purchaser of W.K.'s home.

6. FDN was a company based in the country of Colombia.

7. RBR was a company doing business in Alabama.

8. NGL was a company based in Texas, owned and operated by N.D.

9. An Internet Protocol address ("IP address") is a unique identifier assigned to each

electronic device or computer resource connected to the Internet so that communications from or to that device or resource are routed properly.

## COUNT ONE

### (*Wire Fraud*)

10. The factual allegations contained in Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated as if fully set forth herein.

11. From on or about March 1, 2018 to April 29, 2019, the defendant,

**MARVELLOUS EGHAGHE**

aiding and abetting others known and unknown to the Grand Jury, devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNERS AND MEANS

12. It was a part of the scheme to defraud that an unknown subject would and did intrude upon e-mail communications of M.R., W.K., and DT&F, who were attempting to conduct legitimate real estate closing transactions in which one party was intending to wire funds to another party ("The W.K. Closing").

13. It was further part of the scheme to defraud that unknown subjects would and did, after intruding on the aforementioned e-mail communications, impersonate one of the legitimate parties to those communications by establishing a similar e-mail address ("spoofed e-mail address") from an IP address in the District of the Virgin Islands.

14. It was a further part of the scheme to defraud that unknown subjects would and did

use one of the spoofed e-mail addresses to convince a party to The W.K. Closing to wire funds to an Iriavel bank account under the control of EGHAGHE.

15. It was further part of the scheme to defraud that EGHAGHE would and did withdraw some of the transferred funds from the Iriavel bank account.

16. It was further part of the scheme to defraud that EGHAGHE would and did conceal the wrongdoing by failing to disclose EGHAGHE's share of the proceeds on any relevant federal tax filings.

17. It was further part of the scheme to defraud that EGHAGHE would and did transfer and cause to be transferred funds intended for The W.K. Closing to unknown subjects inside and outside of the United States.

## THE WIRE COMMUNICATION

18. On or about March 8, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

**MARVELLOUS EGHAGHE**

for the purpose of executing the scheme described above, caused to be transmitted a wire communication in interstate commerce, to wit: an e-mail to M.R. with instructions for transferring money to a bank account under the control of EGHAGHE.

All in violation of Title 18, United States Code, Section 1343.

## COUNT TWO

*(Money Laundering Conspiracy)*

19. The factual allegations contained in Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated as if fully set forth herein.

20. Beginning no later than on or about February 1, 2018 and continuing through on or about March 31, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

**MARVELLOUS EGHAGHE**

and others known and unknown to the Grand Jury, knowingly combined, conspired, and agreed among themselves to:

a) commit an offense against the United States in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i), to wit: to transport, transmit, transfer and attempt to transport, transmit, and transfer funds from a place in the United States to a place outside the United States, knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: a violation of 18 U.S.C. § 1343.

b) commit an offense against the United States in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, a violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting

and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

## MANNERS AND MEANS

21. It was part of the conspiracy that EGHAGHE and his co-conspirators would unjustly enrich themselves and each other by fraudulently directing victims' funds to the Iriavel account and other accounts under the control of co-conspirators.

22. It was further part of the conspiracy that EGHAGHE spent, transferred, and otherwise removed the fraudulently-obtained funds from the Iriavel account within days of said funds entering into the account.

23. It was further part of the conspiracy that a co-conspirator forged over $2 million worth of checks from the account of RBR without authorization of RBR, and deposited said checks into a bank account not under the control of RBR ("the forged check funds"). On or about February 26, 2018, $25,400 of the forged check funds were transferred to the Iriavel account, under the control of EGHAGHE.

24. It was further part of the conspiracy that EGHAGHE withdrew some of the forged check funds transferred to the Iriavel account in a series of transactions between or about February 26, 2018 and or about February 28, 2018.

25. It was further part of the conspiracy that EGHAGHE and his co-conspirators, via fraudulent e-mail communications, convinced a representative of FDN to electronically transfer $34,965 ("the FDN funds") to the Iriavel account, under the control of EGHAGHE, on or about March 6, 2018.

26. It was further part of the conspiracy that EGHAGHE and his co-conspirators, via

United States v. Eghaghe
Indictment
Page 6

fraudulent e-mail communications, convinced N.D. to electronically transfer $48,000 ("the N.D. Funds") to the Iriavel account, under the control of EGHAGHE, on or about March 7, 2018.

27. It was further part of the conspiracy that EGHAGHE and his co-conspirators, via fraudulent e-mail communications, caused $108,637.81 in funds intended for the W.K. Closing ("the W.K. Funds") to be electronically transferred to the Iriavel account, under the control of EGHAGHE, on or about March 9, 2018.

28. It was further part of the conspiracy that EGHAGHE spent, transferred, and otherwise removed the FDN Funds, the N.D. Funds, and the W.K. Funds from the Iriavel account within days of said funds entering into the account, before the Iriavel account was force-closed by the bank.

29. It was further part of the conspiracy that EGHAGHE withdrew approximately $70,600 from the Iriavel account between or about March 6, 2018 and or about March 13, 2018.

30. It was further part of the conspiracy that EGHAGHE purchased approximately $13,510 in money orders between or about March 6, 2018 and or about March 12, 2018 from the Iriavel account.

31. It was further part of the conspiracy that EGHAGHE electronically transferred approximately $20,000 from the Iriavel account to O.O. on or about March 12, 2018.

32. It was further part of the conspiracy that EGHAGHE electronically transferred approximately $10,000 from the Iriavel account to E.O. on March 12, 2018.

33. It was further part of the conspiracy that on or about March 13, 2018, EGHAGHE electronically transferred $8,000 to P.B.D. from the Iriavel account, then convinced P.B.D. to electronically transfer $3,000 to EGHAGHE's personal bank account.

34. It was further part of the conspiracy that EGHAGHE electronically transferred $40,000 in fraudulently-obtained funds from the Iriavel account, an account in the United States, to a bank account in Nigeria, a place outside of the United States, on or about March 13, 2018. All in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(B)(i), 1956(a)(2)(B)(i), 1956(i).

## FORFEITURE ALLEGATION #1

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Count One of this Indictment, the defendant,

**MARVELLOUS EGHAGHE**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or

United States v. Eghaghe
Indictment
Page 8

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## FORFEITURE ALLEGATION #2

1. The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h) set forth in Count Two of this Indictment, the defendant,

## MARVELLOUS EGHAGHE

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

        d. has been substantially diminished in value; or

        e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

**GRETCHEN C.F. SHAPPERT**
**United States Attorney**

_____
**Alessandra P. Serano**
Chief, Criminal Division

_____
**Nathan Brooks**
Assistant United States Attorney
United States Attorney's Office, District of the Virgin Islands
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands 00802
Telephone (340) 715-9417
Nathan.Brooks@usdoj.gov

DISTRICT COURT OF THE VIRGIN ISLANDS: Returned a True Bill into the District Court 19th day of November 2020, by Grand Jurors and filed.

_____
**HONORABLE RUTH MILLER**
United States Magistrate Judge
District of the Virgin Islands