IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 3:20-cr-0043 |
| **MARVELLOUS EGHAGHE,** | ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## ORDER

**BEFORE THE COURT** are the motions of the United States ("the Government") to Designate Complex Case and Request for Scheduling Conference and an Amended Motion to Designate Complex Case and Request for Scheduling Conference, filed on January 5, 2021, and January 21, 2021, respectively. (ECF Nos. 9 and 18.) Also before the Court is Defendant Marvellous Eghaghe's ("Eghaghe") Motion to Continue Trial Date and Motions Deadline, filed February 5, 2021. (ECF No. 19.) For reasons stated herein, the time to try this case is extended up to and including June 28, 2021.

This matter commenced on November 19, 2020, when a federal grand jury returned an Indictment against Eghaghe, charging one count each of wire fraud and money laundering conspiracy. (ECF No. 1.) The Indictment alleges that Eghaghe engaged in a scheme to defraud individuals by "intrud[ing] upon email communications" through spoofed email addresses originating from an IP address in the District of the Virgin Islands. (*Indictment*, ECF No. 1 at 2.) The Indictment further alleges that, by impersonating legitimate parties through spoofed addresses, the scheme worked to convince parties engaged in legitimate real estate sales to wire the funds for such transactions to accounts under the control of Eghaghe. *Id.*

On January 5, 2021, the Government moved the Court to designate this case as complex and extend the time within which the trial in this matter may commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii). (ECF No. 9.) On January 21, 2021, the Government filed an amended motion to include an approximation of the volume of discovery in the case. (ECF

No. 18.) To demonstrate the complexity of the case, the Government represents that the discovery to date exceeds 18,000 pages, with "Internet-based fraud schemes stretching from the [United States Virgin Islands] [("]USVI["])] to the mainland United States to Colombia to Nigeria." The Government requests the "Court consider this a complex matter for scheduling purposes, . . . and that the Court hold a conference with the parties for trial scheduling purposes." *Id.* at 2. Moreover, the Government "requests that the time from the signing of the [ ] Order until the trial date be excluded pursuant to 18 U.S.C. § 3161(h)(7)(A)." *Id.*

On February 5, 2021, Eghaghe filed a motion to continue the trial, currently set for March 8, 2021, and extend the pre-trial motions deadline, currently set for February 8, 2021. (ECF No. 19 at 1.) Eghaghe represents that counsel has thus far received over 19,480 electronic pages of discovery—which could take an estimated 320 hours to review. Additionally, counsel need time to review the discovery with Eghaghe who lives in Texas. As such, Eghaghe requests at least a ninety-day continuance and extension of the motions deadline to accommodate trial preparation due to the complexity of the case and voluminous discovery. Eghaghe asserts the Government does not oppose the motion. *Id.* at 3.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, requires that defendants be tried within seventy days of indictment. Nevertheless, pursuant to 18 U.S.C. § 3161(h)(7)(A), a Court may exclude a period of delay in computing the time within which the trial of an offense must commence if the Court grants a continuance "on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors a judge must consider in determining whether to grant such a continuance include

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B).

Here, Eghaghe argues that at a rate of sixty pages per hour, it will take over 320 hours to review the current discovery—or almost 195 hours if reviewed at an "accelerated rate of 100 pages per hour." Yet Eghaghe notes that "additional discovery may be forthcoming . . . ,"

further extending the time needed to prepare for trial. (ECF No. 19 at 1 and n.1.) Both parties represent the case as "complex" legally and factually, as well as geographically, given the range of countries the scheme involved. (*Id.* at 2; ECF No. 18 at 1.)

The Government asserts that "the nature of the prosecution and the novel questions of fact involved, [as well as] the voluminous discovery required to be analyzed by defendants and defense counsel to properly defend the charges" make it "unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits established by the Speedy Trial Act." (ECF No. 18 at 2.) The Government argues that "the ends of justice served by [a continuance] outweigh the best interest of the public and the defendant in a speedy trial." *Id.* The Court agrees that this is a complex case and finds that a failure to grant a continuance would deny the parties the reasonable time necessary for effective preparation and representation.

While the Speedy Trial Act requires that Eghaghe be tried within seventy days of indictment, the Court specifically finds that extending this period would serve the ends of justice to allow sufficient time to adequately review the voluminous discovery in this case. In addition, the Court finds that extending this period would be in the best interest of justice due to the continuing need to protect the well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large from the COVID-19 pandemic.

Indeed, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge noted that the pandemic had been declared a national emergency and a public health emergency by the President of the United States. The Chief Judge also noted that the Governor of the Virgin Islands had declared a state of emergency. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Mar. 17, 2020, Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak* at 1-2 *(Mar. 17, 2020)*,

https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf.

Among other precautionary measures, the Chief Judge continued all criminal trials scheduled from March 18, 2020, through April 16, 2020. The Chief Judge found that the ends of justice required excluding March 18, 2020, through April 16, 2020, from the Speedy Trial count in all criminal matters.

> Such exclusion is necessary as to any cases scheduled for trial during the March 18, 2020[,] through April 16, 2020[,] period in order to assure that there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases that are set for trial outside of the March 18, 2020[,] through April 16, 2020[,] time period, as well as cases that are not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients; the difficulties that the parties are likely to face in undertaking all of the tasks necessary to fully prepare for trial; and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein.

*Id.* at 2-3. The Chief Judge has since extended the general order nine times, excluding March 18, 2020, through February 16, 2021, from the Speedy Trial count in all criminal matters.

Since the Chief Judge entered the general order, the crisis in the U.S. Virgin Islands and the United States in general has intensified. On March 17, 2020, there were approximately 7,000 confirmed cases in the United States, two of which were in the U.S. Virgin Islands. Since then, the incidence of COVID-19 cases has increased dramatically across the nation. As of the date of this Order, there have been over 26,700,000 confirmed cases in the United States, 2,421 of which have been in the U.S. Virgin Islands. Further, the virus has claimed over 456,000 lives in the United States and 24 lives in the U.S. Virgin Islands. To date, the number of cases and deaths continue to rise rapidly.

Recognizing the gravity of the situation, Congress passed an unprecedented financial assistance package, the CARES Act, on March 27, 2020. The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use teleconferencing to hold felony plea hearings and felony

*United States v. Eghaghe*
Case No. 3:20-cr-0043
Order
Page 5 of 7

sentencing hearings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) (2020).

Moreover, recognizing the severity of the public health crisis presented by COVID-19, Virgin Islands Governor Albert Bryan declared a state of emergency for the Virgin Islands in March 2020. In a series of executive orders in March and April of 2020, Governor Bryan instituted a number of precautionary and preventative measures that significantly curtailed economic and local governmental operations. Over the next several months, the rate of new positive COVID-19 cases in the Virgin Islands decreased significantly. As a result, Governor Bryan loosened the previously ordered restrictions. However, beginning in July, the Virgin Islands began to see a dramatic uptick in new positive COVID-19 cases. On August 13, 2020, Governor Bryan issued an executive order effecting a return to all the previously imposed restrictions on economic and local governmental operations along with additional restrictions (the "Stay-at-Home Phase"). Among other measures, Governor Bryan ordered all nonessential businesses to close, all nonessential public workers to stay home, all establishments—except for grocery and 'big-box' stores—to limit occupancy to no more than ten people, and all schools and churches to close. In imposing such restrictions, Governor Bryan emphasized that these measures are necessary to curtail the rapidly increasing spread of COVID-19 in the Virgin Islands. Thereafter, on September 8, September 15, September 30, and November 2, 2020, Governor Bryan issued additional executive orders which provided for certain new restrictions while relaxing other restrictions, moving the Territory from the "Stay-at-Home Phase" to the Territory's "Safer-at-Home Phase."

These restrictions saw some success in reducing the rate of new positive COVID-19 cases in the territory for some amount of time. Indeed, from September 30, 2020, to October 31, 2020, the total positive COVID-19 cases rose from 1323 to 1378—an average of 1.83 new cases per day for the month—and from October 31, 2020, to November 30, 2020, the total positive COVID-19 cases rose from 1378 to 1550—an average of 5.73 new cases per day for the month. *See Virgin Islands Department of Health COVID19 Report*, https://www.covid19 usvi.com/covid19-report (last visited December 15, 2020). However, the rate of new positive COVID-19 cases in the territory increased dramatically at the beginning of

*United States v. Eghaghe*
Case No. 3:20-cr-0043
Order
Page 6 of 7

December. Indeed, from November 30, 2020, to December 14, 2020, the total positive COVID-19 cases rose from 1550 to 1828—an average of 19.9 new cases per day over that two-week period. *Id.*

From December 14, 2020, to January 30, 2021, the total positive COVID-19 cases in the Territory have risen from 1828 to 2421—an average of 12.6 new cases per day. As a result of this continuing surge in new cases, on January 15, 2021, the Chief Judge issued the Seventeenth Order Concerning Operations of the District Court of the Virgin Islands during the COVID-19 Outbreak. That order continued all trials from January 16, 2021, through February 16, 2021, pending further order of the Court.

Thus, while the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that further extending this period would be in the best interest of justice. COVID-19 continues to present an unpredictable threat to public health and safety. In light of these circumstances, the Court finds it necessary and appropriate to proceed with caution. Social distancing—specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—remains the most effective check against the COVID-19's transmission. Given the continuing dire circumstances faced by the U.S. Virgin Islands and the United States as a whole, the Court finds that a greater extension of time is necessary for the protection and well-being of the defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that the Government's Amended Motion to Designate Complex Case and Request for Scheduling Conference (ECF No. 18) is **GRANTED** in part and **DENIED** in part. The Government's request for the time from the signing of this Order until the trial date to be excluded from the Speedy Trial Act calculation is **GRANTED.** The Government's request to hold a conference with the parties for trial scheduling purposes is **DENIED without prejudice;** it is further

**ORDERED** that the time beginning from the date of this order granting an extension through June 28, 2021, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that Defendant Eghaghe's Motion to Continue Trial Date and Motions Deadline (ECF No. 19) is **GRANTED**; it is further

**ORDERED** that the trial in this matter previously scheduled for March 8, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on June 28, 2021, in St. Thomas Courtroom 1; and it is further

**ORDERED** that the motions deadline previously set for February 8, 2021, is **EXTENDED** to May 28, 2021.

**Dated:** February 7, 2021                    */s/ Robert A. Molloy*
                                                                                       **ROBERT A. MOLLOY**
                                                                                       **District Judge**