IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0043 |
| ) | |
| **MARVELLOUS EGHAGHE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Marvellous Eghaghe's ("Eghaghe") second motion to continue trial, currently scheduled for October 12, 2021. For the reasons stated herein, the Court will grant the motion to continue. The time to try this case is extended up to and including February 14, 2022.

On August 5, 2021, Eghaghe, by and through his counsel, Wilvin J. Carter and Namosha Boykin, filed a motion to continue trial, ECF No. 34. In the motion, Eghaghe asserts that his counsel has an unexpectedly full docket of in-person hearings and trials through December. Eghaghe further represents that this case involves a "voluminous amount of Discovery that makes up the factual and legal basis of Defendant's Indictment." (ECF No. 34 at 1.) As such, Eghaghe requests a continuance of the trial date "to early February so that he will have sufficient [time] to complete the review of the discovery, to properly prepare the Defendant, and [to] file all necessary motions in anticipation of jury trial." *Id.* at 2. The United States does not oppose the motion.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension is necessary to allow the Defendant sufficient time to review the discovery and to prepare a suitable defense.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d

439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . .'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

Moreover, in response to the current conditions in the COVID-19 pandemic, the undersigned, as Chief Judge of the District Court of the Virgin Islands, issued a general order concerning operations of the Court on September 30, 2021, suspending all jury trials through October 31, 2021.[1] The Court hereby fully incorporates the findings from the Court's Twenty-Seventh Operations Order as fully stated herein.

To date, the COVID-19 virus has claimed more than 696,000 lives in the United States (71 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As such, the Court finds that extending the period within which Defendant Eghaghe may be tried under the Speedy Trial Act is necessary for the protection and well-being of the Defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that Defendant Eghaghe's motion to continue the trial date and extend the motions deadline, ECF No. 34, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 14, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 7, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d)

---

[1] https://www.vid.uscourts.gov/sites/vid/files/general-ordes/Twenty-Seventh%20Order%20Concerning%20Court%20Operations%20During%20COVID%20Outbreak.pdf

proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 9, 2022;[2] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:00 a.m. on February 14, 2022, in St. Thomas Courtroom 1.

**Dated:** October 1, 2021               */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.